765 F.2d 89
 Bankr. L. Rep. P 70,589
In the Matter of CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD
COMPANY, Debtor.
Appeal of RICHMOND, FREDERICKSBURG AND POTOMAC RAILROAD
COMPANY, Petitioner-Appellant.
 No. 85-1064.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 11, 1985.
Decided June 10, 1985.
 
 Before ESCHBACH, POSNER and COFFEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Richmond, Fredericksburg and Potomac Railroad has filed a notice of appeal, and has also petitioned us under 28 U.S.C. Sec. 1292(b) for leave to appeal, from an interlocutory order by the district judge presiding over the Rock Island reorganization. The order granted partial summary judgment to the Rock Island's successor corporation (Chicago Pacific Corporation) on RF & P's claim for damages for breach of an equipment sublease between RF & P and the Rock Island's trustee. The judge's order holds that RF & P is not entitled to liquidated damages. It does not, however, hold that RF & P is entitled to no damages; and indeed another part of the order resolves a dispute over the method of computing interest on any damages that RF & P is awarded. Thus the order does not dispose of RF & P's claim against the Chicago Pacific Corporation. The claim remains pending before the judge. But the judge certified his order for immediate appeal under section 1292(b). Our concurrence is required (if the district court certifies an order for appeal under section 1292(b), "The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order"), which is why RF & P has petitioned us for leave to allow the appeal.
 
 
 2
 As explained in our most recent decision in the protracted Rock Island reorganization, appeals from the district judge in this matter are still governed by section 24(a) of the Bankruptcy Act of 1898, 11 U.S.C. Sec. 47(a) (1976 ed.). In re Chicago, Rock Island & Pac. R.R., 756 F.2d 517, 519 (7th Cir.1985). Section 24(a) makes interlocutory orders in bankruptcy proceedings, and final orders in bankruptcy controversies, appealable as a matter of right. With much of RF & P's damage claim still unresolved in the district court, the judge's order striking certain portions of that claim is in no sense final; but RF & P, as an alternative to asking us to certify the order for an immediate appeal under section 1292(b), asks us to regard it as an interlocutory order in a bankruptcy proceeding, and hence appealable as a matter of right under section 24(a).
 
 
 3
 The general distinction between proceedings and controversies, as we explained in a recent opinion in the Milwaukee Road reorganization, is between disputes arising out of the trustee's efforts to manage the bankrupt estate, and disputes between the trustee and individual creditors, or between creditors. In re Chicago, Milwaukee, St. Paul & Pac. R.R., 756 F.2d 508, 511 (7th Cir.1985). The present dispute appears to be in the former class (though, as shall appear, we have no need to resolve the question of classification definitively): the trustee made a contract with RF & P to lease some equipment in the hope of making money for the Rock Island, and the premature termination of that lease has given rise to a damage claim against the reorganized remnant of the bankrupt estate.
 
 
 4
 But as we explained in the Milwaukee Road matter, not every order in a proceeding is immediately appealable. Otherwise the courts of appeals would be flooded with appeals from countless minor orders issued in the course of bankruptcy proceedings. "Trivial orders," broadly construed to include any order in which postponing appeal will not interfere substantially with the rights of parties or the administration of the bankrupt estate, are excluded. See id. at 511-13; In re Durensky, 519 F.2d 1024, 1029 (5th Cir.1975). That is what we have here. The district judge's order narrows the issues raised by RF & P's damage claim by eliminating liquidated damages from the scope of the claim, but it does not terminate the proceeding on the claim. There is no reason why the order must be appealed now. Once damages are assessed, if RF & P is dissatisfied it can take an appeal and complain at that time about the judge's exclusion of a part of its damage claim. An immediate appeal is not necessary to keep the bankruptcy reorganization on course. In the perspective of the bankruptcy as a whole, the order is indeed trivial.
 
 
 5
 Since interlocutory orders in bankruptcy proceedings are appealable unless trivial, it is very hard to see what room is left for the operation of 28 U.S.C. Sec. 1292(b), even assuming that section might have some application to bankruptcy proceedings (maybe to controversies as distinct from proceedings)--an issue we need not resolve. In any event, for reasons already indicated, the order is not of such importance as to warrant an immediate appeal. Of course, if this were a controversy rather than a proceeding, there would be a strong argument that section 1292(b) applied; for a controversy is a separable lawsuit that is nested in a bankruptcy proceeding merely because the defendant is a bankrupt. As a simple contract dispute between the trustee and a new--post-bankruptcy--creditor, it certainly resembles a controversy. But as we noted earlier, there is no need to answer the question of classification. If this dispute is a controversy, then an order which merely narrows the issues, and leaves the underlying dispute unresolved, is of course not a final, appealable order; and, as we also said before, we would in any event not exercise our discretion to accept the order for an immediate appeal under section 1292(b).
 
 
 6
 Leave to appeal is DENIED, and the appeal is DISMISSED.